FILED
2015 Dec-15 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2015 DEC 14 P 1:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Before Judges**: Staci G. Cornelius
Madeline Hughes Haikala

**Plaintiff**
Steven T. Corbin
76 Oakview Circle
Sylacauga, AL 35150
vs

**Case Number:** 2:2015-cv-01174

**Defendant (s)**
Department of Veterans Affairs
And
Universal Health Services Inc.,
d/b/a Hill Crest Behavioral Health Center

Respondents

**Case Number:** 2:15-cv-01174-MHH-SGC

Dear Judge Staci G. Cornelius or *Madeline Hughes Haikala*,

In reference to your letter date November 09, Steven T. Corbin, the Plaintiff has filed a "Petition for Writ of Habeas Corpus" and proposed "Order to Show Cause" in regards with the violations of my Due Process Clause and numerous other violations that potential could lead to a criminal lawsuit. Currently, I am requesting "injunctive relief" as the case move forward as indicated in the "Order to Show Cause" submitted. Attached are Federal Tort Claim Act forms along with supporting documents.

Currently, I am working on several civil cases. Time is an essentially for both of court and myself. I have outlined several outstate civil cases with date, time and others as court placed on the docket. No legal representation for the State of Alabama case, but myself to prevent the same issue that happened in Greenbelt of fraudulent legal representation (place of employment):

- State of Maryland (Civil lawsuit Case No 8:15-cv-02118-RWT) with the Greenbelt District Court was closed, but the same party is tied to the VA Case to drop my case in the State of Alabama.
- US Federal Court of Appeals (16-1193)(717 Madison Place, Washington, DC)-- TBD
- US Circuit Court in Rockville civil case no. 411307 schedule hearing for February 05, 2015
- US Federal Court of Appeals initial claim (pending number) TBD

/s/ Steven T. Corbin
Steven T. Corbin, Pro Se
(301) 456 4371

Exhibits (5)

| NOT OFFERED | NUMBER | IDENTIFIED | RULING ON OBJECTION (if any) | | | RULING ON REOFFER | | RECD. COND. OR LTD. | RECEIVED | EXHIBITS |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | PLAINTIFF |
| | | | | | | | | | | GOVERNMENT |
| | | | | | | | | | | DEFENDANT |
| | | | | | | | | | | COURT |
| | | | | | | | | | | JOINT |
| | | | SUS | O/R | RES | SUS | O/R | | | DESCRIPTION |
| | 1 | | | | | | | | | "My Safety Crisis Plan" Plaintiff US No indication for violation of section |
| | 2 | | | | | | | | | "Discharge Statement" constitution No indication for violation of US seal Alabama record |
| | 3 | | | | | | | | | "Lab Results" No indication of drugs or the use of drugs / why VA want to put Zyprexa on record? |
| | 4 | | | | | | | | | "Nursing Discharge Summary" (May 8-13), 2015 No script given but false imprisonment |
| | 5 | | | | | | | | | Letter to Judges explain the case law / injunctive relief |
| | 6 | | | | | | | | | "Claim for Damage, Injury, or Death" 10,000 × 3 |
| | 7 | | | | | | | | | "Claim for Damages, Injury or Death" 20% VA / 20% Hill Crest Behavioral Health Care |
| | 8 | | | | | | | | | "Claim For Damage, Injury or Death" 20% × 2 UA Budget |
| | 9 | | | | | | | | | "Jun 13, From Zahra Battasto" Why I am required based on "medical" staff paper |
| | 10 | | | | | | | | | "Department of Veterans Affairs" negligence / fraud / |

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Secretary Robert McDonald 810 Vermont Ave NW Washington, DC 20420 / Universal Health Services Inc., d/b/a Hill Crest Behavioral Health | STEVEN T. CORBIN 8005 13th Street Unit 411 Silver Spring, MD 20910 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | Single | May 5-13, 2015 | AM |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Injury and potential Dangerous to the Plaintiff's health.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Same as Above

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Probable cause hearing

## 10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Personal Injury — Name Above

## 11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | N/A |

## 12. AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | 10,000 x 3 | N/A | 30,000 (contingency) |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| STEVEN T. CORBIN | (301) 456-4371 | Dec 14, 2015 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Exhibits (C)

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

**15.** Do you carry accident Insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

**17.** If deductible, state amount.

N/A

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

**19.** Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

Exhibit 1A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Universal Health Service Inc., d/b/a Hill Crest Behavioral Health Center / VA | STEVEN T. CORBIN 8005 13th Street Unit 411 Silver Spring, MD 20910 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted] | Single | May 05-13, 2015 | AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Injury - UAB VA Hospital
- Hill Crest Behavioral Health Center (medical facility)

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Hill Crest / VA (same as above)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Negligence - medical malpractice - Involuntary Servitude (violation of US constitution 13th)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injurers - Name listed above

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| NA | N/A |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | 20% of VA x 2 20% of Hill Crest | N/A | TBD |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| STEVEN T. CORBIN | (301) 456-4371 | Dec 14, 2015 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109

Exhibit (7)

| INSURANCE COVERAGE | |
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. | |
| 15. Do you carry accident Insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No | |
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No | 17. If deductible, state amount. |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No | |

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Exhibit (7a)

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Secretary Robert McDonald<br>810 Vermont Ave NW<br>Washington, DC 20420 | STEVEN T. CORBIN<br>8005 13th Street Unit 411<br>Silver Spring, MD 20910 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [ ] MILITARY [X] CIVILIAN | [redacted] | Single | May 05-13, 2015 | Am |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Injury and potential Dangerous to the Plaintiff's health

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Same as above

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Probable cause hearing (denied) Malice Prosecution

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Personal injury - Defamation character, a Blatant disregard to civil liberties, U.S. Constitution, Code of Alabama

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | N/A |

**12. AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| NA | 20% x 2 of VA Budget | N/A | TBD |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Exhibit (8)

| | |
|---|---|
| **INSURANCE COVERAGE** | |
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. | |
| 15. Do you carry accident Insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No | |
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No | 17. If deductible, state amount. |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). <br><br> N/A | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No | |

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>**TWO YEARS**</u> AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Exhibit (8a)

June 5, 2015
C6844

Steven Corbin
8005 13th Street
Unit 411
Silver Spring, MD 20910

Dear Mr. Corbin:

Welcome to the Washington DC Veterans Affairs Medical Center Compensation & Pension(C&P) program. We have been requested by the VBA Regional office (1-800-827-1000) to schedule all the required C&P exams. Please carefully read the instructions below to assist us in scheduling your C&P exams.

APPOINTMENT SCHEDULING: Please call Zahara Battaglia, case manager, at 410-256-2398 or the listed number on the attached business card by **June 13, 2015**. Please leave a voicemail message stating your last name, first name, last 4 digits of your Social Security number, and the best number for us to reach you during business hours. The assigned case manager will return your call by the close of the next business day. If you have not received a return call by the end of the next business day, please call the alternate numbers listed below. Please note that the C&P clinic is closed on all federal holidays.

****IMPORTANT NOTE ****: If the C&P office does not receive your call to schedule the exam by 3:30 p.m. on the identified date above, your appointments will be cancelled.

To restart the C&P process after the request has been cancelled please call the Regional Office at 1-800-827-1000. Inform the Regional Office staff that you are ready to re-start the exam scheduling process with the DC VAMC and ask the Regional Office staff to submit a new request for examination.

PROBLEMS GETTING THROUGH TO THE C&P APPOINTMENT STAFF: If you encounter difficulty getting through to the C&P staff via the 410-256-2398 number for the scheduling of your exam(s), please inform the C&P supervisor at 202-745-8551 or 202-745-8000 ext.56032.

We look forward to serving you.

COMPENSATION AND PENSION STAFF
CLINIC A
Veterans Affairs Medical Center
50 Irving Street NW
Washington, D.C. 20422
410-256-2398

Exhibit (9)



# DEPARTMENT OF VETERANS AFFAIRS
Baltimore Regional Office
31 Hopkins Plaza
Baltimore, MD 21201

STEVEN CORBIN

VA File Number



Represented By:
DISABLED AMERICAN VETERANS

Rating Decision
06/19/2015

## INTRODUCTION

The records reflect that you are a veteran of the Peacetime and Gulf War Era. You served in the Navy from September 26, 1986 to January 31, 2007. We received a request to reopen a previous claim on March 16, 2015. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

Service connection for sleep apnea is denied.

## EVIDENCE

- VA Form 21-4138, Statement In Support of Claim, received March 16, 2015 and April 2, 2015
- Medical records dated August 28, 2014 from Konrad W. Bakker, M.D. at Comprehensive Neurology and Sleep Medicine, P.A.
- Medical report dated March 13, 2015 from shuchi Saluja, M.D.
- Memorandum received March 16, 2015, April 22, 2015 from Disabled American Veterans

Exhibit (10) 1 of 5



STEVEN CORBIN

2 of 3

- Notification of CFR Section 5103 was sent to you on April 9, 2015
- 38 U.S.C. CFR 5103 Notice Response dated April 21, 2015 states you have enclosed all the remaining information or evidence that will support your claim.
- Medical records, Dr. Stanley at Hill Crest Behavioral Health Services, from May 7, 2015 to May 13, 2015
- Article from Drugs.com regarding medication of Zyprexa
- Your letter dated May 14, 2015
- Requests for your medical records were sent to Dr. Konrad Bakker at Comprehensive Neurology and Sleep Medicine on May 11, 2015 and May 27, 2015. As of today, we have not received any reply from the facility.
- Sleep Apnea Disability Benefits Questionnaire, dated June 18, 2015 from Washington VA Medical Center
- Medical opinion dated June 18, 2015 from VA examiner at Washington VA Medical Center

*[handwritten annotation: medical malpractice & disqualifier]*

### REASONS FOR DECISION

**Service connection for sleep apnea as secondary to the service-connected disability of hypertension.**

Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that sleep apnea is related to the service-connected condition of hypertension, nor is there any evidence of this disability during military service.

Service treatment records do not show a diagnosis of sleep apnea.

Statement from Dr. Saluja states he believe you more likely than not had undiagnosed and untreated obstructive sleep apnea while in military service. However, we did not find the diagnosis of sleep apnea in service.

Statement from Dr. Bakker states you have been snoring loudly while in the service and has been subsequently diagnosed with severe sleep apnea; it is very likely that you have significant sleep apnea while in the military service. Please note that we did not find a diagnosis of sleep apnea in service. The doctor also states that there is a 90 percent correlation between having a large neck size and having significant sleep apnea. You should have had a sleep study while in the military service given your large neck and that you were diagnosed with hypertension. Sleep apnea often contributes to hypertension.

VA examiner states that your sleep apnea is less likely as not (less than 50/50 probability) proximately due to or the result of hypertension. Furthermore, the VA examiner states that

obstructive sleep apnea (OSA) is characterized by recurrent collapse of the velopharyngeal and/or oropharyngeal airway during sleep. The pathophysiology of OSA is distinct from the pathophysiology of hypertension. Therefore, your OSA is less likely as not secondary to service connected hypertension. You were diagnosed five years after Service. Additionally, VA examiner found no complaints of a primary sleep disorder in service treatment records.

The medical opinion we received from the VA Medical Center was more persuasive than your private physician's opinion because it was based on a thorough review of your relevant military and medical pathophysiology of OSA and pathophysiology of hypertension. Therefore, more weight was given to the VA examiner from VA Medical Center in this case.

Service connection for sleep apnea is denied on secondary basis because the evidence does not show that your sleep apnea resulted from, or was aggravated by, a service-connected disability.

Service connection for sleep apnea is also denied on direct basis because the evidence does not show an event, disease or injury in service.

### REFERENCES:

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.

Exhibit (10) 3 of 5

DBQ RESP Sleep apnea

The following contentions need to be examined:
sleep apnea
DBQ RESP Sleep apnea:

Please review the Veteran's electronic folder in VBMS and state that it was reviewed in your report.

A sleep study has not been performed on the Veteran. If the evidence indicates a diagnosis of sleep apnea related to an event or experience during service, please complete a sleep study to confirm this diagnosis.

MEDICAL OPINION REQUEST

TYPE OF MEDICAL OPINION REQUESTED: Secondary Service connection.

OPINION REQUESTED: Secondary Service Connection.

Is the Veteran's sleep apnea at least as likely as not (50 percent or greater probability) proximately due to or the result of hypertension? Rationale must be provided in the appropriate section.

Additional remarks for the examiner:
Pleae refer to the medical opinon provided by the private Doctor and Dr. Suchi Saluja, MD. from Water Reed. Both doctors proivide postive medical opinons. Pleae refer to TAB A for the private doctor's medical opinion and TAB B for Dr. Saluja from Water Reed.

*Failed to Review* → In addition, VA examiner provided a negative medical opinion dated April 8, 2014. Please note that the examiner did not review the above medical opinons when he provided the medical opinon. PLease refer TAB C in the Veteran's VBMS folder for the negative medical opinon from VA examiner.

*two doctors* Please direct any questions regarding this request to: Janet Leung
Phone number: 410-250-4500 X2016

(1) medical Doctor

(2) Doctor Specialize in Sleep Studies (negligence / Medical mal practice or fraud

REPORT: C&P Exam Detail                                          Page: 3
CORBIN,STEVEN T SSN#█████                       Printed on: Jun 03, 2015 11:06:23 am
System: VISTA.WASHINGTON.MED.VA.GOV                              Division: 688

Exhibit (10) 4 of 5



**FULFILLING OUR PROMISES**
TO THE MEN AND WOMEN WHO SERVED

Baltimore Regional Office
31 Hopkins Pl. Rm. 1229
Baltimore, MD 21201
tel (410) 230-4440
fax (410) 230-4441
www.dav.org

Mr. Steven Corbin
8005 13th St, Apt 411
Silver Spring, MD 20910

June 23, 2015
C[redacted]

*[handwritten: that short time frames no apriod. Did not what the Veterans + have the right.]*

Dear Mr. Corbin:

This letter is *not* intended to serve as your official notification from the Department of Veterans Affairs (VA). You will receive an official decision from the VA upon completion of necessary administrative procedures. The VA reserves the right to modify the decision prior to your official notification.

The Disabled American Veterans (DAV) has reviewed the most recent VA decision concerning your claim for benefits. The VA has taken the following action(s):

Service connection for sleep apnea is denied.

If satisfied with this decision, no further action is necessary. If you disagree with any part of this decision, you may file what is called a Notice of Disagreement (NOD) to initiate an appeal. Once you receive the official VA notification letter, you have one year from its date to file a NOD. The DAV may provide representation throughout this process. **Prior to filing a NOD, we request that you contact your local DAV National Service Office.**

Once you receive your VA decision, please feel free to contact this office with any questions you may have.

Sincerely,

William Evans
NSO Assistant Supervisor

WRE:rc

*[handwritten: Exhibit (10) 5 of 5]*

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 6/07 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | Case Number |
|---|---|---|

IN THE United States District COURT OF Northern District of , ALABAMA
(Circuit, District, or Municipal)     (Name of County or Municipality)

☒ State of Alabama
☐ Municipality of _____ v. _____, Defendant
☒ Plaintiff STEVEN T. CORBIN v. Universal Health Services Inc., Defendant
d/b/a/ Hill Crest Behavioral Health Center
(For Juvenile cases only):
☐ In the Matter of: N/A , a child

Clerk, U.S. District Court
Room, 140, US Courthouse
1729 5th Avenue North
Birmingham, AL 35203

You may contact: _____

A. Issued at the request of:
1. ☒ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or medical records/evaluations documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☒ Other medical documents during visits May 05-13, 2015

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE: _____
TIME: _____
ROOM: _____
ADDRESS: _____

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days.

Date Issued

_____ [ ]
Signature of Court Clerk    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to _____ on _____,

Signature and Title of Server

(For Criminal cases only)
☐ Served by mail
Date mailed _____

[ ]
Sheriff    Deputy Sheriff

| Form C-13 (back) | Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala.R.Civ.P., subdivisions (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 6/07 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | Case Number |
|---|---|---|

IN THE <u>United States District</u> COURT OF <u>Northern District of</u>, ALABAMA
(Circuit, District, or Municipal)      (Name of County or Municipality)

☒ State of Alabama
☐ Municipality of _____ v. _____, Defendant
☒ Plaintiff <u>STEVEN T. CORBIN</u> v. <u>Robert McDonald, Dept of VA</u>, Defendant

(For Juvenile cases only):
☐ In the Matter of: <u>N/A</u>, a child

⌈ Clerk, U.S. District Court ⌉
  Room 140, U.S. Courthouse
  1724 5th Avenue North
⌊ Birmingham, AL 35203 ⌋

You may contact: _____

A. Issued at the request of:
1. ☒ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☒ Other <u>Service Connect-Disability Rating /06/14/2015 (Denied 0%) And Approved Service-Connected (by exclusion)</u>

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE: _____
TIME: _____
ROOM: _____
ADDRESS: _____
_____
_____

_____
Date Issued

_____ [ ]
Signature of Court Clerk    Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days.

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

### RETURN ON SERVICE

I certify that I personally delivered a
copy of this order to _____
_____ on _____, _____

_____
Signature and Title of Server

(For Criminal cases only)
☐ Served by mail
Date mailed _____

[ ]

_____
Sheriff          Deputy Sheriff

| Form C-13 (back)    Rev. 6/07 | ORDER TO APPEAR (SUBPOENA) |

## NOTICE

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala.R.Civ.P., subdivisions (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| State of Alabama Unified Judicial System Form C-12 Rev.8/98 | **SUBPOENA REQUEST FORM** | Case Number |
|---|---|---|

IN THE United States District (Circuit, District, or Municipal) COURT OF Northern District of (Name of County or Municipality), ALABAMA

Civil: Steven T. Corbin   v. UAB Veteran Hospital
       Plaintiff                    Defendant

Juvenile: In the matter of _____, a child
Criminal: ☒ State of Alabama
          ☐ Municipality of _____ v. Universal Health Services Inc.,
                                              d/b/a Hill Crest Behavioral Health Center
Court Date _____ Court Time _____ ☐AM ☐PM Date Requested _____

### TO BE COMPLETED BY REQUESTER

The Clerk is requested to issue an Order to Appear (Subpoena) for each of the following witnesses for;

☒ Plaintiff/State   ☐ Defendant   ☐ Grand Jury   ☒ Other (UAB VA ER Staff employees)

Date Issued _____   Date Executed _____

1. Name Dr. Adeel Rabbanni
   Home Address UAB VA Hospital
   Remarks:

2. Name Dr. David Pigott
   Home Address UAB VA Hospital
   Remarks:

3. Name Dr. Stanley
   Home Address Hill Crest Behavioral Health Center
   Remarks:

4. Name Lance Baker (social worker)
   Home Address Hill Crest Behavioral Health Center
   Remarks:

5. Name Vivian VA Representative
   Home Address Hill Crest Behavioral Health Center
   Remarks:

**METHOD OF SERVICE REQUESTED:**
☐ Personal  ☐ Other _____

Date _____  Clerk _____

**Party Requesting Subpoena**
/s/ Steven T. Corbin
Signature
(301) 456-4371
Requester Phone Number