FILED
 2016 Mar-02  AM 09:23
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN T. CORBIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No.  2:15-cv-01174-MHH-SGC |
| DEPARTMENT OF VETERAN | ) |
| AFFAIRS and UNIVERSAL HEALTH | ) |
| SERVICES, INC., d/b/a/ Hill Crest | ) |
| Behavioral Health Center, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This case is before the undersigned for review of a report and recommendation concerning Mr. Corbin's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The magistrate judge entered her report on December 11, 2015.  In it, she recommended that the Court dismiss Mr. Corbin's § 2241 petition because the Court lacks jurisdiction over Mr. Corbin's challenge to his detention at Hill Crest Behavioral Health Center from May 6 through May 13, 2015.  The magistrate judge also explained that case law that is binding on this Court states that Mr. Corbin may not pursue his claims for veteran's benefits and his federal and state law tort claims in this habeas corpus proceeding.  (Doc. 8).

The magistrate judge explained to Mr. Corbin that under 28 U.S.C. § 636, he had fourteen (14) days to object to her report and recommendation.  (Doc. 8 at 6-

7).  Although Mr. Corbin has not filed a document that he has described as objections to the report and recommendation, he has filed evidentiary material (Docs. 9 & 10), a motion in which he asks for permission to amend his pending motion for summary judgment (Doc. 11), a document labeled as an amended complaint that indicates that Mr. Corbin filed a complaint about the magistrate judge with the Alabama Judicial Inquiry Committee (Doc. 12), a motion seeking to amend that complaint to add new evidence (Doc. 13), and a motion to "withdraw" this case and re-file claims in the "Federal Court [of] Appeals" (Doc. 14).

To the extent that Mr. Corbin intended for the Court to construe his filings as objections to the report and recommendation, the Court overrules the objections. None of the information that Mr. Corbin has provided in his filings establishes subject matter jurisdiction, and this Court cannot act when it does not have jurisdiction.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").  The magistrate judge correctly evaluated jurisdiction and held that jurisdiction is lacking under § 2241

because Mr. Corbin was not in custody when he filed his petition.  (Doc. 8, pp. 2-3).[1]

The magistrate judge also correctly explained why this Court cannot consider his federal and state law claims in this habeas action, and the magistrate judge correctly explained how Mr. Corbin may pursue those claims if he wishes to file a separate action.  (Doc. 8).  The Court adopts the magistrate judge's report in its entirety.

To the extent that Mr. Corbin's complaint regarding the magistrate judge filed with the Alabama Judicial Inquiry Committee may be construed as a motion seeking the magistrate judge's recusal from this case, the motion is denied.  Mr. Corbin has identified no personal bias or prejudice that would prevent the magistrate judge from participating in this action, nor has he identified any other reason why the impartiality of the magistrate judge reasonably might be questioned.  *See* 28 U.S.C. § 144, 28 U.S.C. § 455.  In any event, Mr. Corbin's concerns about the magistrate judge are moot because the undersigned has reviewed the file independently and concluded that the magistrate judge's analysis is sound.  As stated, the Court accepts all of the magistrate judge's recommendations and notes that the magistrate judge went the extra mile because

---

[1] Based on the address that Mr. Corbin has provided, it does not appear that he currently is in custody.  *See* Docket Sheet.

she explained to Mr. Corbin how he could pursue the claims that he cannot maintain in this habeas action.

Thus, after careful consideration of the record in this case and the magistrate judge's report, the Court **ADOPTS** that report and **ACCEPTS** the magistrate judge's recommendations. Mr. Corbin's § 2241 petition is due to be **DISMISSED** because this Court lacks jurisdiction as to any challenge to Corbin's detention at Hill Crest Behavioral Health Center from May 6 through May 13, 2015, and Mr. Corbin cannot pursue the remainder of his claims in this habeas corpus action. The Clerk is **DIRECTED** to please **TERM** Mr. Corbin's motion for summary judgment (Doc. 2) as **MOOT**.

A final judgment will be entered.

**DONE** and **ORDERED** this March 2, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE